UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GLEEN ZAPATA<br><br>Defendant. | Criminal Action No.: 10-563 (PGS)<br><br>MEMORANDUM AND ORDER |

I am in receipt of a letter from Mr. Azzarello and Mr. Villazor with regard to reducing the sentence of Mr. Zapata. It is an application to reconsider the sentence. Evidently, I sentenced Mr. Zapata and a co-defendant, Mr. Silva, to the same term of imprisonment (24 months). In that regard, Mr. Villazor indicates that Mr. Zapata's role was less culpable than Mr. Silva, and Mr. Zapata's assistance to the authorities was greater. Accordingly, his sentence should be lower than Mr. Silva's sentence.

In my review of the presentence report, the facts are that Mr. Zapata drove Mr. Campos (another co-defendant) to the Jersey Garden Mall where Mr. Campos had "to meet up with somebody and give that person something" (para. 36 of presentence report). When Mr. Campos gave a package of controlled dangerous substances to a confidential informant, the arrest occurred; and Mr. Zapata attempted to evade arrest by swerving around law enforcement vehicles; but he "ultimately [struck] a law enforcement vehicle and the arrest occurred." (paragraph 39 of the presentence report).

The presentence report categorized the offense as a level 23 and recommended a sentence of 46 months. By departing to a level 19, I reduced the sentence significantly to 24 months.

Since this application is seeking reconsideration, the standard for reconsideration should be met. The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to

present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F. 2d 906, 909 (3d Cir. 1985) cert. denied 476 U.S. 1171 (1986). The reconsideration of a decision after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered." *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987). *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

In my judgment, I do not find any further departure is warranted, Mr. Zapata's sentence of 24 months is reasonable. Although counsel believes a lesser sentence than Mr. Silva is warranted, in light of Mr. Zapata's conduct, his sentence is appropriate.

IT IS on this 19th day of September, 2011

ORDERED that the application for reduction of sentence is denied.

PETER G. SHERIDAN, U.S.D.J.